IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CYNTHIA D. YOUTSEY,

               Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant.

Case No. 1:11-cv-6014-CL

**ORDER**

_____

CLARKE, Magistrate Judge.

      This matter comes before the court on plaintiff's motion (#21) for prevailing party fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Commissioner has no objection to plaintiff's motion.  (#23).

## BACKGROUND

      On January 18, 2011, plaintiff filed a Complaint (#1) in this court seeking judicial review of a final decision of the Commissioner of the Social Security Commission denying her applications for Disability Insurance Benefits ("DIB") under Titles II of the Social Security Act, as amended ("the Act").  On April 5, 2012, Judge Panner adopted (#19) this court's recommendation (#17) that the Commissioner's decision be reversed and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment (#20) for plaintiff.

## LEGAL STANDARDS

To award attorney's fees under the EAJA, the Court must determine (1) that the claimant is a "prevailing party"; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make an award unjust; and (3) that the requested fees and costs are reasonable. *See* Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A). "[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether [she] later succeeds in obtaining the requested benefits." Flores v. Shalala, 49 F.3d 562, 568 (9th Cir. 1995). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (applying Hensley to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See* Hensley, 461 U.S. at 433; Atkins, 154 F.3d at 988.

## DISCUSSION

It is undisputed that plaintiff is a prevailing party. The Commissioner has conceded that its position in denying her benefits application was not "substantially justified," as demonstrated by the lack of objection to plaintiff's request for an award of attorney fees. Plaintiff's counsel has provided an accounting of time showing that attorney Kathryn Tassinari expended a total of 25.75 hours working on plaintiff's case. (Decl. Kathryn Tassinari ("Tassinari Decl."), Dckt. # 22, ¶ 7 & Ex. B). Plaintiff's counsel allege attorney fees in the amount of $4,643.81, as follows:

in 2010, $306.63 in fees representing 1.75 hours at an hourly rate of $175.06; in 2011, $4,000.07 in fees representing 22.15 hours at an hourly rate of $180.59; and in 2012, $337.38 in fees representing 1.85 hours at an hourly rate of $182.37. Plaintiff also seeks $350.00 in costs for the filing of her Complaint. Under the EAJA, a party can recover fees and costs including the $350 filing fee of the prevailing party's civil action. 28 U.S.C. § 2412(a)(2) (internal citations omitted). The Commissioner does not object (#23) to either the attorney fees or the costs sought. The court finds that the hours worked, hourly rates, and attorney fees are reasonable. Therefore,

IT IS ORDERED that plaintiff's motion for attorney fees and costs (#21) is GRANTED. Plaintiff is awarded the attorney's fees under the EAJA in the amount of $4,643.81 and expenses in the amount of $350.00, for a total award of $4,993.81. Unless the United States Department of the Treasury determines that plaintiff owes a federal debt, payment shall be made payable to plaintiff and delivered to plaintiff's counsel. *See* Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010). Plaintiff's counsel has filed a fee agreement signed by the plaintiff in which plaintiff agrees that any attorney fees awarded under the EAJA shall be paid directly to her counsel. (Tassinari Decl., Dckt. # 22, ¶ 1 & Ex. A). The government shall accept plaintiff's assignment of EAJA fees and pay the award of fees directly to plaintiff's counsel, Harder, Wells, Baron & Manning, P.C.

IT IS SO ORDERED.

DATED this ___19___ day of July, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge